# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MIGUEL OYOLA,**
**D.O.C. # N15968,**

**Plaintiff,**

**vs.**                                          **Case No. 4:18cv325-RH/CAS**

**O.J. SIMPSON, et al.,**

**Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a civil rights complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2.  Plaintiff's motion was reviewed and it was determined that Plaintiff sufficiently demonstrated that he should be granted in forma pauperis status and assessed an initial partial filing fee. *See* ECF No. 5.  However, ruling was deferred on Plaintiff's motion in light of a problem noted within Plaintiff's complaint.  *Id.*

The prior Order entered on October 19, 2018, advised Plaintiff that he had not honestly disclosed his prior litigation history.  ECF No. 5.  Plaintiff

said in his complaint that he had filed only two prior cases, ECF No. 1 at 5.

He also said they were dismissed without prejudice and for failure to

prosecute.  *Id.*  Those statements were not true.

Plaintiff did not list the following cases, nor did he list the reasons

they were dismissed.[1]  Case no. 6:14cv580-Orl-37DAB was filed in the

Middle District of Florida and dismissed for failing to state a cause of action

under § 1983, and because the allegations "were profanity-ridden, difficult

to decipher, nonsensical and threatening."  Such a dismissal counts as a

"strike" under 28 U.S.C. § 1915(g).

Plaintiff also filed case number 2:17cv00490-SPC-MRM in the Middle

District of Florida.  That case was similarly dismissed for failing to state an

actionable claim.  That dismissal counts as a second "strike" under

§ 1915(g).

The prior Order cautioned Plaintiff that if he had three cases

dismissed for reasons which count as "strikes," he would be barred from

proceeding with in forma pauperis status in federal court, absent

---

[1] Plaintiff previously filed two other cases in this Court which were dismissed for failure to prosecute and for failure to state a claim: case number 4:16cv588-RH/CAS, and case number 4:17cv216-RH/CAS.  However, Plaintiff has filed a total of twelve prior civil rights actions.

Case No. 4:18cv325-RH/CAS

allegations that Plaintiff was in imminent danger of serious physical injury. ECF No. 5.  Indeed, it now appears that Plaintiff has already received three such dismissals.  *Id.*

Plaintiff filed case number 2:18cv14298-JEM in the Southern District of Florida on July 26, 2018.  It was dismissed on October 17, 2018, for failure to state a claim.  That dismissal also counts as a "strike," although the case was dismissed *after* this case was initiated.[2]

In light of those issues, Plaintiff was provided an opportunity to show good cause why this case should not be dismissed for failing to honestly disclose his prior cases.  ECF No. 5.  Plaintiff was advised that failing to do so could result in sanctions, including a recommendation of dismissal.  *Id.* (citing Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that "district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to" show good cause for not

---

[2] This case was initiated on July 10, 2018.  ECF No. 1.  "Under the three-strikes provision of the PLRA, a prisoner may not bring a civil action or appeal a judgment in a civil proceeding in forma pauperis if the prisoner has, on three or more prior occasions while incarcerated or detained, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim, unless the prisoner is in imminent danger of serious physical injury."  28 U.S.C. § 1915(g) (quoted in Sussman v. Hampton, 703 F. App'x 761, 763 (11th Cir. 2017)).  A case dismissed after this case was filed should not be counted as a "prior" dismissal.

disclosing all prior lawsuits filed); <u>Young v. Sec'y Florida for Dep't of Corr.</u>,

380 F. App'x 939, 941 (11th Cir. 2010) (finding "district court did not abuse

its discretion when it sanctioned Young for failing to disclose his prior

cases."); <u>Attwood v. Singletary</u>, 105 F.3d 610, 613 (11th Cir. 1997)).

Plaintiff's response to that Order, ECF No. 5, was to be filed on or before

**November 19, 2018**.

      As of this date, no response to the Order has been filed.  Plaintiff was

given an opportunity to explain his lack of full disclosure in the original

complaint.  More importantly, Plaintiff was given the alternative of filing a

notice of voluntary dismissal for this case.  ECF No. 5.  It was explained to

Plaintiff that doing so would benefit him by not assessing the $350.00 filing

fee as a lien against Plaintiff's inmate bank account.  *Id.*  Furthermore, the

order of dismissal entered in case number 2:18cv14355-JEM from the

Southern District of Florida noted that Plaintiff had initiated this case

against O.J. Simpson and other members of the Jenner and Kardashian

families and commented that the allegations reveal Plaintiff's complaint

was "patently frivolous."  ECF No. 8 at 4-5 of that case.  Thus, Plaintiff was

provided an opportunity to avoid a $350.00 lien against his account by filing

a notice of voluntary dismissal before his in forma pauperis motion was granted.  He has not taken advantage of that opportunity.

Accordingly, it is recommended that Plaintiff's in forma pauperis motion, ECF No. 2, be **GRANTED**, but that Plaintiff's complaint be **DISMISSED** as an abuse of the judicial process by failing to honestly disclose all of his prior cases.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **GRANTED,** that this case be **DISMISSED** as an abuse of the judicial process because Plaintiff failed to honestly disclose his prior cases, and that the Order adopting this Report and Recommendation direct the Clerk of Court to notify the Florida Department of Corrections that Plaintiff is liable for the filing fee for this case pursuant to 28 U.S.C. § 1915(b)(1).

**IN CHAMBERS** at Tallahassee, Florida, on January 14, 2019.

S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:18cv325-RH/CAS

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**